*190 OPINION OF THE COURT
Devin P. Cohen, J.
After trial for the above matter in which the court had sufficient opportunity to review evidence offered and admitted and to assess the credibility of testimony offered at trial, the court finds as follows:
Petitioner brings this “superintendent holdover proceeding” pursuant to RPAPL 713 (11) seeking a judgment of possession for the basement of the premises located at 42 Howard Avenue, Brooklyn, New York 11221. Petitioner was appointed as the receiver for the subject premises pursuant to a prior supreme court order. Petitioner, through counsel, indicates that the respondent’s employment as the superintendent of the building was terminated on November 19, 2010 and that his occupancy was terminated pursuant to the termination of the employment agreement. Respondent appeared pro se on the trial date for this action.
Prior to the commencement of this trial, the court expressed concern to the petitioner that this petition was not properly brought in the Commercial Landlord Tenant Part but, rather, that it belonged in the Housing Part of Civil Court. However, petitioner elected to proceed with the trial and seek the court’s determination rather than refiling the petition in the Housing Part.
At trial, petitioner’s managing agent, Mitchell Asher, alleged that on November 8, 2010, he told respondent that his position as superintendent was terminated and that he was required to move out. Respondent testified that an individual with whom he was not familiar told him that his position was being terminated. However, respondent testified that the individual who spoke with him was not the individual who had hired or supervised the respondent. Respondent also testified that the individual did not offer any explanation of who he was or his authority to act for the owner/employer by whom respondent had been hired.
Respondent further testified that he continued to do work at the premises after November 2010, and that persons apparently representing the petitioner had provided him with certain materials (i.e., ice melt) for the continued maintenance of the premises. Respondent testified that he has purchased other supplies for the building out-of-pocket (including light bulbs and trash bags), because these were needed and had not been *191 provided. Respondent testified that he has never been paid for his work in maintaining the premises, and that he has not been reimbursed for the supplies.
Petitioner did not deny that respondent was continuing to do work and admitted that, to date, no other individual had been hired to maintain the premises. Petitioner’s agent acknowledged that he sent no one else to shovel the several feet of snow which fell this past winter, and that no one else has taken out the building trash, or swept or replaced light bulbs. Petitioner seemed to acknowledge that respondent has likely done all of these things, to date. Petitioner’s witness acknowledged this, despite the fact that petitioner contends it is charged as receiver with managing and maintaining the premises and is receiving money to do so. Petitioner also conceded that the building in question is a six-unit residential premises, with no commercial units.
RPAPL 713 (11) provides that “[a] special proceeding may be maintained under this article . . . [where t]he person in possession entered into possession as an incident to employment by petitioner, and the time agreed upon for such possession has expired or, if no such time was agreed upon, the employment has been terminated.” Pursuant to section 110 (a) (5) of the New York City Civil Court Act, the Housing Part of New York City Civil Court is responsible for “all summary proceedings to recover possession of residential premises[,] to remove tenants therefrom, and to render judgment for rent due.” Accordingly, proceedings involving residential property must be commenced in the Housing Part.
Respondent may well be an employee-at-will and, if so, the owner could terminate his services without engaging in a long process. What is unclear is whether this respondent was actually properly discharged at all. The court also does not intend to suggest that if the apartment was occupied solely incident to respondent’s employment, he would be more than a licensee.
However, at its core, this is still a residential occupancy, and not a commercial tenancy. It is undisputed that the premises in question are the respondent’s only current home. Essentially, even if petitioner is someday found to be entitled to evict the respondent, it should be in the context of a residential holdover, and a residential eviction.
It is clear to this court that any disposition as to the respondent’s residency in the subject premises is most properly resolved in the Housing Part of this court. Therefore, the court *192 finds that the petition was improperly filed in the Commercial Landlord Tenant Part and that a petition seeking to remove an individual from a residential premises must be brought in the Housing Part of Civil Court (NY City Civ Ct Act § 110 [a] [5]).
This court need not reach the question of whether respondent was given proper notice of the termination of his employment and whether his tenancy was properly terminated. Accordingly, the matter is dismissed, without prejudice to petitioner to refile in the Housing Part of Civil Court. The dismissal is also without prejudice to any counterclaims, as well as any separate claims respondent may have for unpaid wages, reimbursement of expenses or other appropriate claims.